NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 24-444


A PLUS HOME CARE SERVICES, LLC

VERSUS

A BLESSING PERSONAL HOME

CARE SERVICES, LLC


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2018-1801
HONORABLE MICHELLE M. BREAUX, DISTRICT JUDGE

**********

D. KENT SAVOIE

JUDGE

**********

Court composed of Shannon J. Gremillion, D. Kent Savoie, and Jonathan W. Perry, Judges.


MOTION TO SUSPEND BRIEFING DENIED.

**Christopher C. Johnston**
**Johnston Law Firm, LLC**
**7830 Sage Hill Road**
**St Francisville, LA 70775**
**(225) 763-1244**
**COUNSEL FOR DEFENDANT APPELLEE:**
   **A Blessing Personal Home CareServices, LLC**

**Amanda Ann Martin**
**Assistant Atty. General**
**P. O. Box 94005**
**Baton Rouge, LA 70804**
**(225) 326-6200**
**COUNSEL FOR PLAINTIFF APPELLANT:**
   **A Plus Home Care Services, LLC**

**Kevin Jerome Gillie**
**205 Blount Road**
**Baton Rouge, LA 70807**
**(469) 222-6437**
**COUNSEL FOR DEFENDANT APPELLEE:**
   **A Caring Home Care Services, LLC**

**Lucretia P. Pecantte**
**124 W. Washington Street, Suite B**
**New Iberia, LA 70560**
**(337) 374-1202**
**COUNSEL FOR PLAINTIFF APPELLANT:**
   **A Plus Home Care Services, LLC**

**Travis J. Broussard**
**PO Box 82238**
**Lafayette, LA 70598**
**(337) 534-4242**
**COUNSEL FOR DEFENDANT APPELLEE:**
   **A Blessing Personal Home CareServices, LLC**

**Sarah E. Aycock**
**628 N Fourth Street**
**Baton Rouge, LA 70802**
**(225) 342-5631**
**COUNSEL FOR DEFENDANT APPELLEE:**
   **Louisiana Department of Health**

**SAVOIE, Judge.**

Plaintiff-Appellant in this matter, A Plus Home Care Services, LLC (hereinafter "A Plus"), filed a motion seeking the suspension of briefing deadlines in its appeal of a judgment in favor of Defendant and Plaintiff in Reconvention, A Blessing Personal Home Care Services ("A Blessing"). For the reasons below, we deny the motion.

On May 29, 2024, judgment was entered in favor of A Blessing in a contract dispute between it and A Plus. A Plus appealed. By order of this court dated August 21, 2024, the appeal was suspended and the matter remanded to the trial court to amend the original judgment due to a lack of proper decretal language in that judgment. This court found that the original judgment did not specify the relief awarded. An amended judgment was rendered September 5, 2024, specifically setting forth monetary damages awarded to A Blessing. Upon receiving the amended judgment, A Plus filed a Motion and Order to Strike and/or Reconsideration of the Amended Judgment with the trial court, alleging that the corrected judgment substantially altered the original judgment of the trial court. A hearing on that motion has been set for November 12, 2024, in the trial court below. A Plus then filed the current motion with this court, seeking to suspend the briefing deadlines in its appeal until the scheduled hearing occurs.

A trial court's jurisdiction over matters on appeal is governed by Louisiana Code of Civil Procedure article 2088, which sets forth the following general rule that "[t]he jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, . . . on the granting of the order of appeal, in the case of a devolutive appeal." La. C.C.P. art. 2088(A). As noted by the Fourth Circuit in *Ohle v. Uhalt*, 23-501, pp.6-9 (La.App. 4 Cir. 1/10/24), 381 So.3d 136, 140-42(footnotes omitted)(first alteration ours):

Act 259 of the 2021 Regular Legislative Session amended La. C.C.P. art. 2088(A) to provide that the trial court has continuing jurisdiction after an order of appeal is signed to issue an amended judgment with proper decretal language (the "2021 Legislation"). The purpose of the 2021 Legislation was to reverse "the [then] recent practice of the Court of Appeal to dismiss appeals when final judgments do not contain proper decretal language." Roger A. Stetter, *Final Judgments*—Decretal Language, La. Prac. Civ. App. § 3:15 (2023). . . .

. . . .

Addressing the decretal-language problem, the Legislature, in the 2021 Legislation, created a new procedural mechanism. Under the new mechanism, the appellate court—when faced with an otherwise final judgment with a decretal-language deficiency—is mandated not to dismiss the appeal. Rather, an appellate court is mandated to take three steps: (i) to retain jurisdiction; (ii) to order the trial court to supplement the record with an amended judgment; and (iii) to render a decision on the merits once the record is supplemented. *See U.S. Bank Nat'l Ass'n as Tr. for RFMSI 2005S7 v. Dumas*, 21-0585, pp. 4-5 (La. App. 1 Cir. 12/22/21), 340 So.3d 246, 249 (observing that "the appellate court, while retaining appellate jurisdiction over a final judgment that lacks proper decretal language, shall remand the matter to the district court for correction of deficiencies in decretal language").

The Legislature created this new mechanism by amending a trio of articles—La. C.C.P. arts. 1918, 1951, and 2088; the Legislature made the following changes to the three articles:

• La. C.C.P. art. 1918(A): Amended to provide that "[i]f appealed, a final judgment that does not contain the appropriate decretal language shall be remanded to the trial court, which shall amend the judgment in accordance with Article 1951 within the time set by the appellate court";

• La. C.C.P. art. 1951: Amended to provide that "[o]n motion of the court or any party, a final judgment may be amended at any time . . . to correct deficiencies in the decretal language" but providing that "[t]his Article does not allow the court to make a substantive change to a final judgment"; and

• La. C.C.P. art. 2088(A): Amended to provide that after the granting of an order of appeal, "the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to do any of the following: . . . (12) Amend a judgment to provide proper decretal language under Article 1918 or 1951."

It is clear that under the revised Louisiana Code of Civil Procedure articles and *Ohle*, 381 So.3d 136, this court has retained jurisdiction over this matter, even though we have remanded it back to the trial court for sole purpose of the correction of the deficient decretal language in the initial judgment. The trial court below had jurisdiction only so far as to cure that deficient judgment, as ordered by this court, which it has done. The trial court does not have proper jurisdiction to hold a hearing on A Plus's motion to strike or reconsider the amended judgment. Jurisdiction remains in this court, where we will proceed with the appeal of the amended, corrected judgment. Accordingly, there is no valid reason to suspend the established briefing schedule. A Plus's Motion to Suspend Briefing is hereby denied, at their costs.

**MOTION TO SUSPEND BRIEFING DENIED.**